UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICK JAMES KOLOSSO,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

Case No. 16-CV-825-PP

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

     On June 28, 2016, the plaintiff filed a complaint requesting that the court review the denial of his Social Security disability insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of his motion that the court allow him to proceed with the case without paying the filing fee. Dkt. No. 2. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

     In the affidavit, the plaintiff indicates that he is married, has two dependents, and receives a total of $3,040 of income (through his spouse) each month. Dkt. No. 2 at 1-2. He states that his household expenses total $3,093.16, putting the plaintiff in the hole $53.16 every month. Id. at 3. He owns two vehicles that he values at a total of $1,300. Id. His checking, savings,

1

or other similar accounts total $3,000. Id. at 3-4. He estimates that his home is worth $240,000, with estimated equity of $102,000. Id. at 3.

Although the plaintiff has money in his savings account, the plaintiff's wife (who completed the affidavit, and appears to have filed the complaint for the plaintiff) indicates that the savings account is used for bills, life insurance payments, car maintenance expenses, and other bill-related medical issues. Id. at 4. The court concludes from this information that the plaintiff has demonstrated that he cannot pay the full amount of the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint (the standard *pro se* form complaint), the plaintiff questions the denial of his application for disability insurance. Dkt. No. 1 at 2. The specific language of the standard form complaint states: "I, or the person on whose behalf I am filing this case, was disabled during the time period included in this case. I believe the Commissioner's unfavorable conclusions

2

and findings of fact are not supported by substantial evidence; and/or are contrary to law and regulation." Id. at 3. In the space provided below,[1] the plaintiff further supports this statement, explaining that he is in constant pain, depressed, has anxiety, trouble concentrating and memory issues. Id. He also attached the notice of the Appeals Council action from the social security administration. Dkt. No. 1-1. The Appeals Council considered whether the Administrative Law Judge's action, findings, or conclusion was contrary to the weight of the evidence on the record. Id. at 2. Based on the Appeals Council's considerations and the plaintiff's assertions that he is indeed disabled, the court can construe the complaint as disputing the sufficiency of the evidence presented to the administrative law judge.

Based on the allegations of the complaint, the court cannot find at this point that the plaintiff's claims are frivolous or without merit. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma*

---

[1] The standard form complaint also directs the plaintiff, in bold, to "Use only the space provided below—keep the facts short and to the point."

*pauperis* (Dkt. No. 2) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 9th day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge